# THE CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY

## v.

## THE PEOPLE EX REL.

1. REVENUE LAW—ASSESSMENT OF RAILROAD TRACK—RIGHT OF WAY. —Appellant occupied a strip of land about 500 feet wide, and extending about half a mile, as its right-of-way, the main track running through it, and the remainder being used for side-tracks, turn-outs, machine and repair shops. Section 42 of the revenue law includes as a part of the right-of-way, for the purposes of taxation, not only the main and side tracks and turnouts, but all stations and improvements thereon: and these were properly included by appellant in the assessment under section 42.

2. WIDTH OF RIGHT-OF-WAY.—The right-of-way is not limited to any given width. It may vary in different localities; but obviously, a railroad company may appropriate and use for its right-of-way such width of ground as may be reasonably necessary for the economical and convenient transaction of its business.

3. ASSESSMENT OF RIGHT-OF-WAY.—The statute divides the real property of railroads into two classes, "railroad track," and "all real estate other than that denominated railroad track." With the first of these the town assessor has nothing to do. The latter should be assessed by him as other property. The strip of land mentioned above, with its buildings and improvements, belonged to appellant's right-of-way, was properly assessed as "railroad track," and the assessment of the same by the town assessor under the provisions of section 46, was unauthorized and void.

4. CONSTRUCTION OF SECTION 43 OF REVENUE LAW.—Section 43 of the revenue law, providing for the listing and taxation of "railroad track" in the several counties, towns, cities, etc., in proportion to the length of the main track therein, has no reference to the ascertainment of the value of such property, but merely furnishes the principle upon which the value when ascertained may be distributed to the various municipalities entitled to the benefit of the same, and controls the action of the auditor and county clerk in their duties under section 109.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed November 5, 1879.

Mr. THOMAS F. WITHROW, for appellant; cited Rev. Stat. Chap. 120, § 43; C. B. & Q. R. R. Co. v. Miller, 72 Ill. 147; C. B. & Q. R. R. Co. v. Paddock, 75 Ill. 616.

C. R. I. & P. R. R. Co. v. The People.

BAILEY, P. J.   This is an appeal from the judgment of the County Court of Cook county against certain lands of appellant, for delinquent taxes for the year 1877.  The premises in question consist of a strip of land in the town of Lake, in the county of Cook, adjoining the main track of appellant's railroad, on which are situated a large number of side-tracks, switches and turn-outs, and on which are also located appellant's round-houses and certain shops in which it manufactures and repairs its engines and cars used in the operation of its railroad.

These taxes were levied upon an assessment of both the land and the structures and improvements thereon, made by the assessor of the town of Lake, claiming to act under the provisions of section 47 of the revenue act of 1872.  The record shows that in the year 1877, appellant returned to the county clerk of Cook county a schedule of its property in the county held for right-of-way, in pursuance of the requirements of section 41 of said act, and that such schedule embraced all the property now in question.   Also, that at the same time appellant, in pursuance of section 48 of the act, returned its schedule to the auditor of public accounts, in which said property was included and described as a part of appellant's "railroad track," and that in said schedules the value of the land and of the improvements thereon were so stated as to admit of the assessment of each separately.

It further appears that the valuation placed by the board of equalization upon the "railroad track" property of appellant for said year was included in the tax lists and taxed in the several counties, towns, villages, districts and cities through which said railroad runs, in proportion to the length of main track therein, as provided by section 43 of the act.   The taxes thus levied have all been paid by appellant, and consequently, the assessment and taxation of said property upon the listing and valuation thereof by the assessor of the town of Lake will, necessarily, be a second or double assessment and taxation thereof.

The case thus presented involves a determination of the proper construction to be placed upon the statute regulating

the manner of listing and valuing railroad property. It cannot be denied that this statute, in many of its provisions, is obscure and of doubtful meaning, yet we think a careful consideration of its language will so far reconcile apparent discrepancies as to give a satisfactory answer to the questions raised by the present case. It is plain that the intention of the statute is to divide the real property of railroads into two distinct classes, one of which is denominated "railroad track," and the other "all real estate other than that denominated 'railroad track.'" The first of these classes is defined in section 42, as follows: "Such right-of-way, including the superstructure of main, side or second track or turn-outs, and the station and improvements of the railroad company on such right-of-way, shall be held to be real estate for the purposes of taxation, and denominated 'railroad track,' and shall be so listed and valued, and shall be described in the assessment thereof as a strip of land extending on each side of such railroad track, and embracing the same, together with all the stations and improvements thereon," etc. Section 46 defines and provides for the second class, as follows: "All real estate, including the stations and other buildings and structures thereon, other than that denominated 'railroad track,' belonging to any railroad, shall be listed as lands or lots, as the case may be, in the county, town, village, district or city, where the same are located."

It can scarcely be questioned that the land upon which the taxes in controversy were levied, is a part of appellant's right-of-way, within the meaning of said section 42. The entire tract claimed by appellant as its right-of-way from Forty-seventh to Fifty-first street, a distance of about half a mile, is of a uniform width of about five hundred and fifty feet. The main track runs parallel with the east line of said tract, and about fifty feet distant therefrom. The land upon which the taxes in question were levied comprises only that portion lying west of the main track. Almost every part of this land is traversed by side-tracks and turn-outs, diverging from the main track and from each other, leading to and from the car-shops and round-houses, and also affording necessary and

C. R. I. & P. R. R. Co. v. The People.

convenient space for moving and standing appellant's trains and cars in the prosecution of its business as a common carrier. It is true that car-shops and round-houses are erected on this land, but it does not for that reason cease to be a right-of-way. These structures are all necessary parts of one general system, by virtue of which the ordinary business of the railroad is carried on. They may be, and perhaps are, as essential to its operation as the track itself. Undoubtedly these structures may be erected elsewhere, but when on the right-of-way they become a part of it, and are subject to taxation as such. Section 42 of the revenue law clearly warrants this view. The right-of-way is there made to include not merely the main and side-tracks and turn-outs, but also the stations, and improvements thereon. These all, for purposes of taxation, form one class, and are denominated "railroad track."

The strip of land in controversy, it is true, is wider than the ordinary right-of-way occupied by railroad companies. We are aware, however, of no rule of law by which these companies are limited to any given width. There is no such limitation in appellant's charter, and we are aware of no general statute by which such limitation is imposed. Obviously, the width of the right-of-way required by the business of a railroad company must vary in different localities. In the country, at a distance from any station, a relatively narrow strip of land will answer every requirement. At a terminus in a large city, where a large number of trains and cars are necessarily concentrated, a much wider tract is necessary. In either case the company is entitled to appropriate and use for its right-of-way such width of ground as may be reasonably necessary for the economical and convenient transaction of its business.

The statute, after dividing the real property of railroads into two classes, provides two entirely different methods by which these classes are to be listed and valued. Section 46 provides for the listing and assessment of the second class by the township assessor, the same as other property. With the first class, however, the township assessor has nothing to do. Section 48 requires the company to return to the auditor a schedule of all its property denominated "railroad track," and

section 109 requires the State Board of Equalization to assess the property so returned. After such assessment is made, the auditor is directed to certify the amount of the same to the county clerks of the proper counties, and said clerks are, in like manner, required to distribute the value certified to him by the auditor, to the county and to the several towns, districts, villages and cities, in their respective counties entitled to a proportionate value of such "railroad track."

Some difficulty is supposed to arise from the peculiar phraseology of Section 43. It is there provided that, "the value of the 'railroad track' shall be listed and taxed in the several counties, towns, villages, districts and cities, in the proportion that the length of the main track in such county, town, village, district or city, bears to the whole length of the road in this State, except the value of the side or second track, and all turn-outs, and all station-houses, depots, machine-shops, or other buildings belonging to the road, which shall be taxed in the county, town, village, district or city, in which the same are located."

It seems plain that this section has nothing to do with the listing and assessment; that is, the ascertainment of the value of the property with which it deals. It merely furnishes the principle upon which the value of the property, when ascertained, may be distributed to the various municipalities entitled to the benefit of the same, and controls the action of the auditor and county clerk in the performance of the duties enjoined by section 109. It can hardly be supposed to have any reference to the real estate, other than that denominated "railroad track" provided for in section 46, as that property, by that section, is placed on the same footing as other lands, and is directed to be listed where located; and further legislation on that subject would be superfluous. Section 43 is occupied solely with the distribution of the value of the other class. It provides for distributing the value of side-tracks, turn-outs, station-houses, depots, machine-shops, and other buildings belonging to the road, to the municipalities where the same are located, and the value of the residue of the "railroad track" to the various

municipalities through which the road runs, in proportion to the length of the main track therein. But all of these structures, manifestly, when situated on the right-of-way, are, by section 43 as well as section 42, included in the designation "railroad track."

The taxes levied upon the valuation placed upon the property in question by the State Board of Equalization were the only legal taxes, and the same having been paid, said property has borne its share of the public burdens. The assessment placed upon it by the assessor of the town of Lake was without warrant of law, and is void. The judgment against said land for said taxes, rendered by the court below, must be reversed.

Judgment reversed.